## CIRCUIT COURT OF FAIRFAX COUNTY

John Michael Flood

v.

Spring Lake
Joint Venture,
Inc., et al.

March 2, 1988

Case No. (Law) 80139

BY JUDGE THOMAS J. MIDDLETON

This matter is before the Court on defendants' Plea to the Jurisdiction. Defendants contend that plaintiff's action is barred by § 65.1–40 of the Virginia Workers' Compensation Act (the Act), Va. Code § 65.1–40 (Repl. Vol. 1987). For purposes of this plea, the Court treats as true the allegations contained in plaintiff's Motion for Judgment and the facts culled from the parties' briefs. For the reasons specified below, it is the finding of the Court that plaintiff's action is not barred by the Act and therefore overrules defendants' plea.

On January 29, 1986, the plaintiff, John Flood, was injured when the car which he was driving struck a manhole structure protruding from the surface of Running Pump Lane. The road, then under construction, was part of a subdivision construction project owned by defendant Spring Lakes Joint Venture, a general partnership between defendants Spring Lakes Estates Development Corp. and Lake Shore, Inc. Spring Lakes Estates, acting as general contractor for the project, subcontracted the subdivision's road installation and paving work to defendant William A. Hazel, Inc.

At the time of his injury, plaintiff was employed as Vice President in charge of financial matters for Breeden Mechanical, Inc., a company primarily engaged in plumbing work. Breeden Mechanical had a subcontract to do plumbing work on the Spring Lakes project. Ex-

cept on a few occasions to receive payments on account, plaintiff's job rarely required job site visits. However, on the morning of his injury and at the request of the company's supervisor of crews, plaintiff went to Spring Lakes for the sole purpose of conveying a message to a Breeden Mechanical crew instructing it to leave the project and commence work on another. That message was conveyed at the behest of Halle Enterprises, the general contractor on the other project, who had contacted Breeden Mechanical's supervisor of crews and threatened to remove them from the job if the request went unanswered. The accident occurred while plaintiff was driving through Spring lakes looking for Breeden Mechanical's crew.

For his injuries, plaintiff has received some compensation under the Virginia Workers' Compensation Act, Va. Code Section 65.1–1 *et seq.* (Repl. Vol. 1987). Section 65.1–40 of the Act in effect provides that the rights and remedies conferred under the act are exclusive of all other rights and remedies of the employee to recover for personal injuries received during the course of employment. However, Section 65.1–41 permits an employee to sue the person who caused the injury if that person is an "other party." Va. Code § 65.1–41 (Repl. Vol. 1987). The threshold question therefore is whether defendants were "other parties" as contemplated by § 65.1–41.

In order to properly address this question, the Court must focus on the function plaintiff was performing. This focus is important because if at the time of the accident, plaintiff and his employer, Breeden Mechanical, were not engaged in work which was part of defendant's trade, business or occupation, then defendants are "other parties" as contemplated by § 65.1–41. *Stevens v. Ford Motor Co.*, 226 Va. 415, 419 (1983). This test is the next logical extension of the test enunciated in *Shook Company v. Barksdale*, 206 Va. 45 (1965). The *Shook* Court held that defendants are "other parties" if, at the time of an accident giving rise to a cause, *they* were engaged in work which was not part of the trade, business or occupation of *a plaintiff's employer. Id.* at 48.

The evidence here permits the finding that defendants were "other parties" at the time plaintiff was injured because plaintiff and his employer were engaged in work which was not a part of defendants' trade, business or occupation. At the time of his injury, plaintiff was performing the work of his employer. That work, however, was not related to the construction of the Spring Lakes subdivision; it was

related to the trade, business or occupation of Halle Enterprises, the other general contractor for which Breeden Mechanical was doing work. Although plaintiff's performance may have adversely affected defendants' trade, the *Stevens* test requires that it be work which is part of that trade. A mere showing that at the time of the accident plaintiff was working for his employer, was on the site, and did something which affected the business of defendants is insufficient as a matter of law to preclude a finding that defendants are "other parties."

The Court finds that defendants are "other parties" within the meaning of § 65.1–41. Consequently, plaintiff is not barred by the provisions of § 65.1–40 and may maintain a cause of action against defendants for his injuries.